IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDRE WALKER, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 22-448-CFC |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM

### I.  BACKGROUND

In November 2010, a Delaware Superior Court jury found Petitioner guilty of first degree robbery, possession of a deadly weapon during the commission of a felony ("PDWDCF"), two counts of aggravated menacing, and resisting arrest. *See State v. Walker*, 2013 WL 285737, at *1 (Del. Super. Ct. Jan. 24, 2013). The Superior Court sentenced Petitioner as a habitual offender on January 21, 2011 to life imprisonment, plus ten years. *See State v. Walker*, 2015 WL 3654806, at *1 (Del. Super. Ct. June 8, 2015). Petitioner filed a motion for reduction of sentence on January 28, 2011, which the Superior Court denied on February 17, 2011. *See Walker v. Metzger*, 2019 WL 4013976, at *1 (D. Del. Aug. 26, 2019). The Delaware Supreme Court affirmed Petitioner's convictions and sentences on September 6, 2011. *See Walker v. State*, 27 A.3d 552 (Table), 2011 WL 3904991, at *3 (Del. Sept. 6, 2011).

In January 2012, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court

denied on April 8, 2013. *See* Walker, 2019 WL 4013976, at *1. On post-conviction appeal, the Delaware Supreme Court reversed the Superior Court's decision and remanded Petitioner's case to the Superior Court with instructions to appoint counsel for Petitioner. *See Walker v. State*, 69 A.3d 372 (Table) 2013 WL 3355899, at *1 (Del. June 28, 2103).

On November 17, 2014, with the assistance of counsel, Petitioner filed an amended Rule 61 motion. *See* Walker, 2019 WL 4013976, at *1. The Superior Court denied the amended Rule 61 motion on June 8, 2015, and the Delaware Supreme Court affirmed that decision on May 2, 2016. *See State v. Walker*, 2015 WL 3654806, at *4-5 (Del. Super. Ct. June 8, 2015); *Walker v. State*, 138 A.3d 476 (Table), 2016 WL 2654347 (Del. May 2, 2016). In 2016, Petitioner filed two motions for modification of sentence, which the Superior Court denied. *See State v. Walker*, 2021 WL 3700939, at *1 (Del. Super. Ct. Aug. 20, 2021).

Thereafter, Petitioner filed in this Court a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2010 conviction. (*See* D.I. 3 in *Walker v. Pierce*, Civ. A. No. 16-678-CFC) The petition asserted the following three ineffective assistance of counsel claims: (1) defense counsel improperly permitted Petitioner to appear before the jury in prison clothing during the trial; (2) defense counsel failed to request a proper first degree robbery jury instruction that conformed with Delaware law; and (3) defense counsel failed to appeal the denial of Petitioner's motion for judgment of acquittal. (*See id.*) In 2019, the Court denied the petition after determining that the claims lacked merit. *See Walker,* 2019 WL 4013976, at *2-7. Petitioner appealed, and

the Third Circuit declined to issue a certificate of appealability, explaining that "[r]easonable jurists would not debate that the District Court properly dismissed [Petitioner's] petition." (D.I. 26 in *Walker*, Civ. A. No. 16-678-CFC)

In September 2019, Petitioner filed in the Superior Court a fourth motion for modification of sentence. *See Walker*, 2021 WL 3700939, at *1. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision. *See id.* In August 2021, Petitioner jointly filed a Rule 61 motion and a Rule 35(a) motion for correction of sentence. *See Walker v. State,* 2022 WL 244754, at *2 (Del. Jan. 26, 2022). The Superior Court denied both motions, and the Delaware Supreme Court affirmed that decision in January 2022. *See Walker*, 2021 WL 3700939, at *1; *Walker*, 2022 WL 244754, at *3.

On April 4, 2022, Petitioner filed in this Court another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1)

## II.  LEGAL STANDARDS

A district court may summarily dismiss a petition for a writ of habeas corpus without ordering a responsive pleading "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254; *see also Mayle v. Felix*, 545 U.S. 644, 656 (2005). Federal habeas relief under 28 U.S.C. § 2254 is only available to a petitioner who demonstrates that his custody under a state court judgment violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

3

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. §2254. A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran,* 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III.   DISCUSSION

The sole claim in the instant Petition asserts that defense counsel provided ineffective assistance counsel during Petitioner's trial, appeal, and habitual offender hearing. (D.I. 1 at 5) Petitioner asks the Court to grant the jointly filed Rule 61/35 motions he filed in the Delaware state courts and vacate his life without parole sentence. (D.I. 1 at 15)

To the extent the instant Petition challenges the Delaware Supreme Court's 2022 decision affirming the Superior Court's denial of Petitioner's jointly filed Rule 61/Rule 35 motions, the Petition fails to assert an issue cognizable on federal habeas review. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir.1998) (holding that the "federal role

4

in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding.") (emphasis in original); see also Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief"). Therefore, the Court will dismiss the Petition for lack of jurisdiction because Petitioner has failed to present a proper basis for federal habeas relief.

Additionally, to the extent the Petition's ineffective assistance of counsel argument challenges the validity of Petitioner's 2010 conviction and 2011 sentence, the Petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244. The Petition challenges the same 2010 conviction that Petitioner challenged in his first federal habeas proceeding, the earlier petition was denied as meritless, and Petitioner could have presented his current ineffective assistance of counsel allegation in his earlier petition.

Petitioner does not assert, and nothing in the record indicates, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas Petition. Further, the Court finds that it is not in the interest of justice to transfer this case to the Third Circuit, because the Petition does not come close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Given these circumstances, the Court will alternatively dismiss the Petition for lack of jurisdiction because it constitutes an unauthorized second or successive petition.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that the instant Petition either asserts an issue that is not cognizable on federal habeas review or constitutes an unauthorized second or successive request for habeas relief. Therefore, the Court will summarily dismiss the Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: April 25, 2022

                                                              Colm F. Connolly
                                                              Chief Judge